UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Immanuel-St. Joseph's Hospital of Mankato, Inc.,

      Plaintiff,

v.

Michael O. Leavitt, in his official capacity as Secretary of Health and Human Services,

      Defendant.

Civil No. 06-1039 (PAM/JSM)

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss or for Summary Judgment. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

Plaintiff Immanuel-St. Joseph's Hospital of Mankato, Inc. is a nonprofit organization that provides medical services to Medicare recipients and then submits bills for its services to the Medicare program. Defendant Michael O. Levitt is the Secretary of the Department of Health and Human Services, the federal department responsible for implementing the Medicare program.

**A.**    **Reimbursement under the Medicare Program**

The Medicare program reimburses teaching hospitals for certain costs associated with educating medical residents. A Medicare regulation in effect during the relevant time period provided that Medicare would reimburse a hospital for time a resident spent outside the

hospital (such as in a freestanding clinic) if two conditions were met: (1) the resident spent the time in patient-care activities, and (2) a written agreement between the hospital and outside entity required the hospital to pay the resident's compensation for the training time. See 42 C.F.R. § 413.86(f) (1996).

Defendant, acting through contractors known as fiscal intermediaries, pays health care providers for covered services furnished to Medicare beneficiaries. 42 U.S.C. §§ 1395f(b)(1), 1395h(a). At the close of a fiscal year, a provider must submit a report to the fiscal intermediary showing the costs incurred during the fiscal year and the proportion of those costs to be allocated to Medicare. 42 C.F.R. § 413.20. The fiscal intermediary reviews the report to determine the reimbursable costs, makes adjustments for any underpayment or overpayment of Medicare reimbursement, and then issues a Notice of Program Reimbursement (NPR) for the fiscal year. 42 C.F.R. § 405.1803.

A provider dissatisfied with the fiscal intermediary's determination may appeal to the Medicare Provider Reimbursement Review Board (PRRB). 42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1835. The PRRB may affirm, modify, or reverse the fiscal intermediary's decision or determine that it is without authority to decide a question of law. 42 U.S.C. § 1395oo(d), (f)(1).

The PRRB decision is final unless Defendant reverses, affirms, or modifies the PRRB decision within sixty days of the provider's receipt of the PRRB decision. 42 U.S.C. § 1395oo(f)(1). Defendant has delegated authority to review PRRB decisions to the Centers for Medicare and Medicaid Services (CMS) Administrator. The Administrator may review

a final PRRB decision sua sponte or in response to a party's request.[1]  42 C.F.R. § 405.1875(a).  A party must file a written request for review within fifteen days of receiving the PRRB decision.  42 C.F.R. § 405.1875(b).  Regardless of whether a request is made, the Administrator must promptly notify the parties whether it will review the PRRB decision. 42 C.F.R. § 405.1875(d)(1).

The provider has sixty days in which to seek judicial review of the final agency action. 42 U.S.C. § 1395oo(f)(1).  However, the point at which the sixty-day period begins to run is determined by a somewhat complicated process.  If the Administrator intends to review the PRRB decision, it has sixty days from the PRRB decision to render a final decision.  Id. In that situation, the PRRB decision ceases to be final and the Administrator's later decision becomes the final agency action.  42 C.F.R. § 405.1877(a).  If the Administrator declines to review the PRRB decision, then the PRRB decision is the final agency action, and the provider has sixty days from the PRRB decision to commence a judicial action.  42 C.F.R. § 405.1877(b).  If the Administrator announces its intention to review the PRRB decision but does not issue a decision within the sixty days, the inaction is deemed an affirmance and the sixty-day period commences sixty days after the PRRB decision.  42 C.F.R. § 405.1877(c).

**B.    This Action**

In July 1995, Plaintiff entered an agreement to participate in a residency program sponsored by the University of Minnesota Medical School.  In connection with that

---

[1] The Administrator also may decline to review a case even if a party requests a review. 42 C.F.R. § 405.1875(d)(2).

agreement, Plaintiff paid the University $50,000 each year for each resident who participated in the program. As a part of their training, the residents spent a portion of their time providing patient care at Mankato Clinic, a facility unrelated to Plaintiff or the University. Before January 1, 1998, Plaintiff did not have a separate written agreement with Mankato Clinic requiring Plaintiff to pay residents' compensation for time spent at the clinic. However, Plaintiff paid all costs associated with time residents spent at the clinic under the program.

Plaintiff applied to its Medicare fiscal intermediary, Blue Cross and Blue Shield of Minnesota (BCBS), for reimbursement of residency program costs it incurred in the 1996 fiscal year. BCBS issued an NPR on September 29, 1998, reducing the amount of Medicare reimbursement paid to Plaintiff by approximately $41,000 because Plaintiff did not have a written agreement with Mankato Clinic stating that Plaintiff would pay the residents' compensation for training time as required by 42 C.F.R. § 413.86(f).

Plaintiff timely appealed the BCBS decision to the PRRB. On appeal, Plaintiff asserted it was entitled to reimbursement for the costs attributable to resident time spent at Mankato Clinic for three reasons: (1) Plaintiff had a written agreement with the University relating to the residency program that satisfied the regulatory requirements; (2) invoices from the University for each resident under the program, as well as Plaintiff's payment of the invoices, constituted a written agreement with the University that also satisfied the regulatory requirements; and (3) in any event, the written agreement requirement in 42 C.F.R.

§ 413.86(f) was invalid because it contradicted the plain language of 42 U.S.C. § 1395ww(h)(4)(E).

On December 23, 2005, the PRRB issued its decision, affirming BCBS's determination to exclude from Medicare reimbursement the time residents spent at Mankato Clinic. The PRRB found that neither the contract between Plaintiff and the University nor the paid invoices fulfilled the written agreement requirement of 42 C.F.R. § 413.86(f). Relating to the argument that the statute superseded the regulation, the PRRB ruled that it lacked authority to deem the two inconsistent. Included with the decision was information explaining Plaintiff's appeal rights.

On January 11, 2006, Plaintiff requested that the Administrator review the PRRB decision. Plaintiff's counsel recognized that the request was submitted more than fifteen days after Plaintiff received the PRRB decision as required by 42 C.F.R. § 405.1875. Nonetheless, counsel requested that the Administrator waive the fifteen-day deadline because the PRRB decision was sent to Plaintiff's parent organization, which delayed counsel's receipt of the decision.

On February 21, 2006—sixty days after the PRRB decision—Plaintiff received notice that the Administrator declined to review the decision. Plaintiff was advised that if it wished to obtain judicial review of the PRRB decision, it was required to file a civil action within sixty days of the PRRB decision as required by 42 C.F.R. § 405.1877(b).

Plaintiff commenced this action on March 13, 2006—eighty days after the PRRB decision. It seeks judicial review of the decision and an order remanding the matter to Defendant with instructions to reimburse Plaintiff for the costs it incurred for the residents'

time spent at Mankato Clinic.

**DISCUSSION**

**A.     Standard of Review**

Relying on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6),[2] Defendant argues that the Court lacks subject matter jurisdiction over this action and that Plaintiff has failed to state a claim upon which relief may be granted.  To succeed on a Rule 12(b)(1) motion, a defendant must successfully attack the complaint "on its face or on the factual truthfulness of its averments."  Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citations omitted). When the defendant challenges jurisdiction based on the face of the complaint, the Court reviews only the pleadings and the plaintiff receives the same protections that it would when defending against a Rule 12(b)(6) motion.[3]  Id.    To survive Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  The Court accepts all factual allegations as true and liberally construes the complaint in the light most favorable to the plaintiff.  See id. at 1964-65.  Thus, a well-pled complaint may proceed even if it appears "that recovery is very remote and unlikely."  Id. at 1965 (quotation omitted).

---

[2] Alternatively, Defendant relies on Federal Rule of Civil Procedure 56(e).
[3] Conversely, if the defendant challenges the allegations in the complaint supporting jurisdiction, the Court "may consider matters outside the pleadings and the non-moving party does not benefit from the safeguards of 12(b)(6)."  Titus, 4 F.3d at 593. Then, the plaintiff must support the jurisdictional facts by a preponderance of the evidence.  Zunamon v. Brown, 418 F.2d 883, 886 (8th Cir. 1969) (citation omitted).

**B.      Equitable Tolling of 42 U.S.C. § 1395oo(f)(1)**

The parties dispute whether the sixty-day deadline to commence a civil action in 42 U.S.C. § 1395oo(f)(1) bars this action. Defendant argues that § 1395oo(f)(1) creates a jurisdictional requirement. Plaintiff submits that the sixty-day period is a statute of limitation subject to equitable defenses. Courts disagree on the issue. Compare Lloyd Noland Hosp. & Clinic v. Heckler, 762 F.2d 1561, 1564-65 (11th Cir. 1985), and Bedford County Mem'l Hosp. v. Heckler, 583 F. Supp. 367, 370-71 (W.D. Va. 1984) (sixty day period in § 1395oo(f)(1) is a statute of limitation and therefore subject to equitable defenses), with Kidney Ctr. of Hollywood v. Shalala, 63 F. Supp. 2d 51, 55-57 (D. D.C. 1999) (sixty day period in § 1395oo(f)(1) is a jurisdictional prerequisite).

This Court need not address whether § 1395oo(f)(1) is jurisdictional or a statute of limitation. Rather, for purposes of this Motion only, the Court presumes that § 1395oo(f)(1) is a statute of limitation subject to equitable tolling. However, the Court finds that equitable tolling does not apply in this case.

> The doctrine of equitable tolling permits a plaintiff to "sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances." Courts generally require strict compliance with a statute of limitations and rarely invoke doctrines such as equitable tolling to alleviate a plaintiff from a loss of his right to assert a claim. Thus, the remedy of equitable tolling traditionally is reserved for circumstances "truly beyond the control of the plaintiff," and "should be applied where a party acts diligently, 'only to find himself caught up in an arcane procedural snare.'" To equitably toll a statute of limitations, the plaintiff must demonstrate (1) timely notice, (2) lack of prejudice to the defendant, and (3) reasonable, good-faith conduct by the plaintiff.

Pecoraro v. Diocese of Rapid City, 435 F.3d 870, 875 (8th Cir. 2006) (internal citations omitted).

Plaintiff argues that equitable tolling should apply because the Administrator failed to follow 42 C.F.R. § 405.1875(d)(1), which requires the Administrator to "promptly notify" the parties whether it has decided to review the PRRB decision. Plaintiff submits that it was unable to meet the sixty-day deadline in § 1395oo(f)(1) because the Administrator waited sixty days to notify Plaintiff that it declined to review the PRRB decision.

However, it was unreasonable for Plaintiff to assume that the Administrator would review the PRRB decision because Plaintiff's request for review was untimely. Plaintiff did not request a review until nineteen days after receiving the PRRB decision, four days after the deadline set forth in 42 C.F.R. § 405.1875(b). Plaintiff does not allege that the Administrator gave any indication that it would consider the untimely request or review the decision. Plaintiff should have operated as if the request was not accepted and that the PRRB decision was final. Instead, Plaintiff unreasonably waited for the Administrator to respond to Plaintiff's untimely request for review. These circumstances do not warrant the application of equitable tolling.

Plaintiff also argues that the Administrator's failure to promptly notify Plaintiff of its decision not to review the PRRB decision constitutes affirmative misconduct. In particular, it argues that Plaintiff was unable to know whether there was a final decision within the time period in which Plaintiff was required to file its district court action.

The Eighth Circuit Court of Appeals has found affirmative misconduct in cases where government agencies have actively misled complainants by providing them with inaccurate or misleading information. See, e.g., Anderson v. Unisys Corp., 47 F.3d 302, 305-07 (8th Cir. 1995); Warren v. Dep't of the Army, 867 F.2d, 1156, 1159-61 (8th Cir. 1989). In this

8

case, however, the Administrator's actions did not lull Plaintiff into refraining from timely filing the Complaint. Nor is there an allegation that the Administrator provided any misleading information to Plaintiff. Rather, Plaintiff missed the sixty-day filing period because it chose to await notice as to whether the Administrator would review the PRRB decision. Since Plaintiff's request for review was untimely and no extension was granted, Plaintiff should have taken steps to protect its appeal rights. The suggestion that the Administrator's misconduct caused Plaintiff to miss its filing deadline is unavailing.

**CONCLUSION**

Even if 42 U.S.C. § 1395oo(f)(1) is a statute of limitations subject to equitable defenses, equitable tolling does not apply in this case. Therefore, this action is barred as untimely. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss or for Summary Judgment (Docket No. 4) is **GRANTED**; and

2. The Complaint is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 17, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court